IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

APR - 3 2019

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER CROTTY (01) | 4:19-CR-072-Y |

## PLEA AGREEMENT

Pursuant to FED. R. CRIM. P. 11(c)(1)(A) and (B), defendant Christopher Crotty (Defendant), and his attorney Marshall McCallum, and the United States of America (the government) agree as follows:

1. **Rights of the defendant:** Defendant understands that he has the right:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense;

   e. to have the case against him presented to a federal grand jury; and

   f. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** Defendant waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging him with Possessing with Intent to Distribute Steroids, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(E). Defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be

Plea Agreement – Page 1

submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment for a period not more than 10 years;

   b. a fine not to exceed $500,000 or both a fine and imprisonment;

   c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100.00;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines:** Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw his plea if his sentence is higher than expected. Defendant fully understands that the actual sentence

imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Parties' non-binding sentencing agreement pursuant to FED. R. CRIM. P. 11(c)(1)(B)**: The parties agree, pursuant to FED. R. CRIM. P. 11(c)(1)(B), that the defendant qualifies for a minor participant reduction of two levels, under U.S.S.G. §3B1.2(b). Additionally, the parties agree that a three-level reduction for acceptance of responsibility applies under U.S.S.G. §3E1.1. The defendant, however, understands that this sentencing agreement, and the government's recommendations, are not binding on the Court.

6. **Rejection of sentencing agreement:** The defendant understands that if the Court rejects the sentencing agreement set forth in Paragraph 5 above, he will have no right to withdraw his guilty plea.

7. **Mandatory special assessment:** Prior to sentencing, Defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

8. **Defendant's agreement:** Defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Defendant fully

**Plea Agreement – Page 3**

understands that any financial obligation imposed by the Court, including the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of a fine, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Defendant understands that he has a continuing obligation to pay in full, as soon as possible, any financial obligation imposed by the Court.

9. **Government's agreement:** Pursuant to FED. R. CRIM. P. 11(c)(1)( A), the government will not bring any additional charges against Defendant based upon the conduct underlying and related to his plea of guilty. The government will file a Supplement in this case, as it routinely does in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

10. **Violation of agreement:** Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant waives objection to the use against him

of any information or statements he has provided to the government, and any resulting leads.

11. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence:** Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. §§ 2241 and 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Representation of counsel:** Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with his lawyer's legal representation. Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 18th day of March 2019.

|  | ERIN NEALY COX<br>UNITED STATES ATTORNEY |
|---|---|
| _____ for<br>ALEX C. LEWIS<br>Deputy Criminal Chief | _____<br>ROBERT J. BOUDREAU<br>Assistant United States Attorney<br>New York State Bar No. 4686507<br>801 Cherry Street, Suite 1700<br>Fort Worth, Texas 76102<br>Telephone: 817-252-5200<br>Facsimile: 817-252-5455 |

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          3/18/2019
CHRISTOPHER CROTTY             Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          3-18-19
MARSHALL MCCALLUM              Date
Counsel for Defendant

**Plea Agreement – Page 6**